# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 7/26/2021 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED
3/26/2021 5:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
12738854

FILED DATE: 3/26/2021 5:39 PM   2021CH01463

Firm No. 60355

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| ARACELI CERVANTES, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2021CH01463<br>) |
| ALLTRAN FINANCIAL, LP., | ) CLASS ACTION<br>) |
| Defendant. | ) JURY DEMANDED<br>)<br>) |

### CLASS ACTION COMPLAINT

Plaintiff Araceli Cervantes, individually and on behalf of a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA").

### NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15

1

U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

7. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, **or in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

## VENUE AND JURISDICTION

8. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9. Defendant collects debts from consumers in Illinois and has a registered agent in Illinois.

10. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

11. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12. Plaintiff is a resident of the State of Illinois, from who Defendants attempted to collect a delinquent consumer debt allegedly owed for an CTA C&M Federal Credit Union account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

13. Defendant Alltran Financial, LP ("Alltran" or "Defendant") is a limited partnership with its principal place of business in Texas. Alltran registered to do business in Illinois, and its registered agent in Illinois is CT Corporation System, 1999 Bryan St., Suite 900 Dallas, TX 75201.

14. Alltran is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

15. Alltran holds a collection agency license from the State of Illinois.

16. Alltran regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

3

FILED DATE: 3/26/2021 5:39 PM   2021CH01463

## FACTUAL ALLEGATIONS

17. According to Defendant, Plaintiff incurred a debt, originally for a Citibank N.A. consumer credit account (the "Account").

18. Plaintiff used the Account primarily for personal, family, and household purchases.

19. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

20. Plaintiff did not make payments on the Account when due and it went into default.

21. Citibank subsequently retained Alltran to collect the Account.

22. Alltran sent a letter to Plaintiff on August 11, 2020 (the "Letter"), attempting to collect the Account. (Exhibit A, Letter).

23. The Letter stated that the total balance due was $1,671.65.

24. The Letter also stated, in relevant part:

> As of the date of this letter, you owe the amount stated above. Because your account continues to accrue interest and may accrue **late and other charges** on all owed balances pursuant to your agreement with your creditor, the Total Balance on the date you pay may be greater. If you pay the Total Balance above, an adjustment may be necessary after we receive your payment.

(Ex. A, Letter) (emphasis added).

25. Alltran's statement that the creditor may assess late charges was a false statement.

26. Plaintiff was confused by the statement that late charges could vary day to day because late charges could not accrue on the Account.

27. The unsophisticated consumer would be confused by the statement that late charges could vary day to day because late charges could not accrue on the account.

4

28. In fact, late charges were never going to be assessed on the Account as the Account had already been accelerated.

29. Once a debt is accelerated, there are no longer periodic payments due and owing, and therefore no available late charges for being late on a periodic payment. *Rodriguez v. Codilis & Assocs., P.C.*, No. 17-cv-03656, 2018 U.S. Dist. LEXIS 54898, at *11 (N.D. Ill. Mar. 30, 2018) (stating "As Rodriguez points out, BSI cannot impose late charges for failure to make monthly payments after a loan has been accelerated.") (citing *Rizzo v. Pierce & Associates*, 351 F.3d 791, 793 n.1 (7th Cir. 2003)).

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**... (2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or...**

**... (5) The threat to take any action that cannot legally be taken or that is not intended to be taken...**

**... (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

31. Alltran made a false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), and threatened an action it and/or its client client did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10), when it stated that it could charge late fees when it could not and would not charge such fees.

32. 15 U.S.C. § 1692f of the FDCPA provides as follows:

5

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

33. Alltran engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it stated that late fees may accrue on an accelerated debt.

34. A collection letter is misleading to an unsophisticated consumer if it falsely implies a possible outcome that cannot legally come to pass. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 364 (7th Cir. 2018).

35. Violations of the FDCPA that would influence a consumer's decision to pay a debt in response to a collection letter, are material. *Id.* (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, Alltran's misrepresentation that the balance was increasing would make Plaintiff more likely to pay the Account out of concern that the balance would be higher if she waited until some future date to pay.

## CLASS ALLEGATIONS

36. Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a delinquent Citibank N.A. debt (3) by mailing a letter substantially similar to Exhibit A, which (4) states that "because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater" (5) when late charges could not legally be assessed (6) sent between one year prior to the filing of this Class Action Complaint up to the filing of this Class Action Complaint (the "Class").

37. Plaintiff may alter the class definition to conform to developments in the case and discovery.

38. The proposed classes meet all requirements under 735 ILCS 5/2-801.

6

39. **Numerosity:** Upon information and believe, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Class are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form letter. Members of the Class can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

40. **Commonality and Predominance:** Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

41. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent and she intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel and Plaintiff's claim is typical of the claims of the class members.

42. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the

7

burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM

43. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

44. Defendant made a false statement, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), and threatened an action its client did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10), when it stated that it could charge late charges when it could not and would not.

45. Defendant engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it stated that late fees may accrue on an accelerated debt.

WHEREFORE, Plaintiff asks for an award in her favor and against Defendant as follows:

A. Certification of the proposed Class;

B. Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C. Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

D. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

E. Such other or further relief as the court deems proper.

FILED DATE: 3/26/2021 5:39 PM 2021CH01463

## JURY DEMAND

Plaintiff demand trial by jury.

By: s/ Daniel Brown
Daniel Brown (atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

*Counsel for Plaintiff*

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that Plaintiff's counsel claims a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Daniel Brown*
Daniel Brown

9